

# Fourth Court of Appeals
## San Antonio, Texas

## CONCURRING OPINION

No. 04-22-00543-CR

Victor Antonio **MARTINEZ BLANCO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 454th Judicial District Court, Medina County, Texas
Trial Court No. 19-07-13332-CR
Honorable Daniel J. Kindred, Judge Presiding

Opinion by:     Beth Watkins, Justice
Concurring Opinion by:  Rebeca C. Martinez, Chief Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Luz Elena D. Chapa, Justice
                Beth Watkins, Justice

Delivered and Filed: July 26, 2023

I join in the majority's memorandum opinion and respectfully concur in its judgment affirming Martinez Blanco's conviction. I write separately to highlight that *Espinoza v. U.S.*, Crim. Act. No. L-8-2031-1, 2012 WL 3100465, at *4 (S.D. Tex. Jul. 30, 2012), and *Manalan v. State*, No. 14-17-00088-CR, 2019 WL 922287, at *8 (Tex. App.—Houston [14th Dist.] Feb. 26, 2019, pet. ref'd) (mem. op., not designation for publication), differ on whether the holding in *Padilla v. Kentucky*, 559 U.S. 356, 359 (2010), may support Martinez Blanco's issue that his trial

counsel was ineffective for failing to properly advise him of the immigration consequences of proceeding to trial.

In *Padilla*, a lawful permanent resident was indicted for trafficking a large quantity of marijuana in his tractor-trailer while driving in Kentucky. 559 U.S. at 359. He pled guilty after his attorney advised him that he "did not have to worry about immigration status since he had been in the country so long." *Id*. However, under federal law it was clear that if Padilla pled guilty, he would be deported. The issue the United States Supreme Court had to resolve was whether Padilla's counsel was deficient because he had a duty to advise Padilla that he would be deported if he pled guilty to the charge. *Id*. The Court held that defense attorneys do have such a duty. According to the Court, if immigration law regarding deportation is "not succinct and straightforward," defense attorneys must merely advise their clients that they could be deported, but when the law is "truly clear" that the defendant would be deported if convicted, defense attorneys have a duty to "give correct advice [that] is equally clear." *Id*. at 369.

In *Manalan*, a jury found the appellant guilty of misdemeanor assault, and the trial court sentenced him to confinement for one year, probated for two years and a $ 300 fine. 2019 WL 922287, at *1. The appellant moved for a new trial. *Id*. at *9. In the affidavit supporting the appellant's motion,[1] he averred:

> My trial lawyers did not tell me that a one-year sentence would result in an aggravated felony, nor did anyone else before I was convicted and sentenced. Had I known, I would not have chosen to proceed to trial. The chance of an acquittal would have been greatly outweighed in my mind by the chance that a sentence of probation would have been a one-year sentence that was probated.

*Id*. In assessing appellant's motion, the trial court also considered the affidavit of a prosecutor, who averred that appellant was offered "'a Deferred Adjudication in order to resolve the case' and

---

[1] Martinez Blanco's motion for new trial, filed without any supporting affidavit, asserts in a conclusory fashion that "the verdict and punishment assessed in the matter is contrary to the law and evidence."

that the offer was left open during the pendency of the case up until trial." *Id*. The trial court denied appellant's motion for new trial. *Id*. On appeal, the appellant argued that his trial counsel rendered ineffective assistance by failing to inform appellant that "he would be subject to 'presumptively mandatory' deportation as an aggravated felon if he were to receive the maximum sentence." *Id*. at \*3. Before finding no prejudice under the second prong of *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984), the Texas Fourteenth Court of Appeals observed that "[a]lthough these circumstances run counter to the typical *Padilla* scenario, the prejudice prong of the *Strickland* test nonetheless may be satisfied by showing a reasonable probability that, but for trial counsel's errors, appellant would not have proceeded to trial and instead would have accepted the State's plea offer." 2019 WL 922287, at \*8 (citing *Ex parte Fassi*, 388 S.W.3d 881, 88–87 (Tex. App.—Houston [14th Dist.] 2012, no pet.)).

In *Espinoza*, a defendant sought to set aside his conviction for possession of marijuana because his counsel was ineffective for, among other things, "failing to advise him of the immigration consequences of proceeding to trial." 2012 WL 3100465, at \*4. In rejecting the defendant's contention, the federal district court wrote:

> However, [the defendant's] reliance upon *Padilla v. Kentucky* is misplaced. The *Padilla* Court held only that a defendant must be informed about the removal consequences of accepting a plea, reasoning that the acceptance was not truly voluntary without that knowledge. Here, [the defendant] was not prejudiced by involuntarily accepting a guilty plea for the simple reason that he did not accept a guilty plea at all: [the defendant] was convicted by a jury after a trial.

*Id*. (internal citations omitted).

Assuming, without deciding, that Martinez Blanco's assertion that his trial counsel failed to properly advise him of the immigration consequence of proceeding to trial may serve as the basis of an ineffective assistance of counsel claim, Martinez Blanco's sole issue fails under *Strickland's* first prong. As the majority notes, the appellate record contains no information about

any plea-bargain agreements the State may have offered Martinez Blanco or advice he may have received from his court-appointed counsel before he pled not guilty. Without such information, we cannot begin to assess, under *Strickland's* first prong, whether the performance of Martinez Blanco's trial counsel fell below an objective standard of reasonableness. 466 U.S. at 687–88.

For these reasons, I join in the majority's memorandum opinion and respectfully concur in its judgment affirming Martinez Blanco's conviction.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH